1
2
3
4
5
6             IN THE UNITED STATES DISTRICT COURT
7                 FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| Mehrdad Rowshandel, | No. CV-25-03470-PHX-DWL (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

Petitioner Mehrdad Rowshandel, who is currently confined in the Eloy Detention Center, filed a complaint and petition under 28 U.S.C. § 2241. (Doc. 1.) Petitioner also filed a motion for temporary restraining order and preliminary injunction, which seeks his immediate release from custody. (Doc. 2.)

I.    Relevant Background

In his motion, Petitioner states that he is a native and citizen of Iran who entered the United States in 1998, that he was convicted of attempted sexual assault in Arizona state court in July 2002, and that he thereafter served his custodial sentence, was placed on probation, and then had his term of probation terminated in June 2016. (Doc. 2 at 3.) The event giving rise to Petitioner's request for relief is his arrest by immigration authorities on June 22, 2025. (*Id.*) The only developed argument in Petitioner's motion is that this arrest violated his constitutional right to procedural due process because ICE was "required to provide [him] with notice and the opportunity for an individualized determination before a neutral adjudicator." (*Id.* at 10.) Elsewhere, Petitioner's motion identifies "the process he

seeks" as "notice and a hearing before a neutral adjudicator to determine whether there is clear and convincing evidence that he is a flight risk or a danger to the community," which "is the standard course of action the government routinely provides in immigration proceedings." (*Id.* at 11.)  Petitioner also cites *Matter of Sugay* as one of the authorities supporting his position that "the demands of due process . . . require a pre-deprivation hearing for a noncitizen on bond, like [Petitioner] *before* ICE re-detains him." (*Id.* at 5-6.)

The Court ordered expedited briefing on the motion for injunctive relief. (Doc. 7.)[1] In support of their response to Petitioner's motion, Respondents provided a declaration from ICE Deportation Officer Edmundo Galvan, who avows that Petitioner was ordered removed to Iran in November 2003 but was granted deferral of removal under the Convention Against Torture.  (Doc. 10-1 at 4 ¶ 9.)  Galvan further avows that in April 2010, Petitioner attempted to enter the United States at the San Ysidro Port of Entry.  (*Id.* ¶ 10.)  Petitioner was presumably released from immigration detention after this encounter, because he was not in custody again until June 2025, but Galvan does not indicate whether Petitioner's release from immigration detention was under an Order of Supervision ("OSUP"), and, if so, the process by which Respondents later revoked that OSUP.  To that end, Respondents assert in their response to the motion for injunctive relief that "[p]resumably, Petitioner was released on an [OSUP] after his detention in 2010, although undersigned counsel has not been able to confirm that with ICE."  (Doc. 10 at 7.) Respondents thus contend that "Petitioner's reliance on *Matter of Sugay* is misplaced because his detention is governed by 8 U.S.C. § 1231(a)(6)" and further contend that "ICE is not required to provide the alien with advance notice of its intention to revoke the [OSUP]"—instead, ICE must simply comply with the requirements set forth in 8 C.F.R. § 241.13.  (*Id.* at 4-7.)

In his reply, Petitioner does not seem to dispute that he is an "individual[] with a

---

[1]    Petitioner also filed an "Amendment to Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief," which he seeks to "correct" his pleading to ostensibly add a third claim seeking protection against removal to a third country.  (Doc. 6.)  But the purported amendment is not the proper method for supplementing or amending a pleading.

final removal order" who was previously released pursuant to an OSUP—instead, he argues for the first time that even if it might be permissible for ICE to detain such an individual "while travel documents are obtained," his detention was unlawful because "ICE has taken no action toward actual removal," because "there are no changed circumstances that justify re-arrest," and because Respondents did not comply with various requirements under 8 C.F.R. § 241.13. (Doc. 11 at 3-8.)

These filings make for an incomplete and confusing record. As discussed, although it appears that Petitioner is subject to a final order of removal, was previously released pursuant to an OSUP, and was then detained in June 2025 pursuant to 8 U.S.C. § 1231(a)(6) and 8 C.F.R. § 241.13 as part of an alleged effort to effectuate his removal, neither side has affirmatively shown that this is the case. Moreover, the record contains references—potentially mistaken references that are the product of rushed briefing—to other, unrelated immigration provisions. For example, the petition contains an allegation that "[o]n June 3, 2025, DHS filed a Motion to Recalendar Administratively Closed Proceedings." (Doc. 1 ¶ 33.) Additionally, Galvan's declaration includes an avowal that upon his arrest on June 22, 2025, Petitioner "was charged with violating section 212(a)(6)(A)(I) of the INA." (Doc. 10-1 at 4 ¶ 11.) Further complicating matters, the substantive arguments that Petitioner made in his reply brief are different from the substantive arguments he made in his motion, which only seem to address the right to a pre-deprivation hearing for an alien who is not subject to a final order of removal and was previously ordered released on bond.

Given this confusion, the Court solicited additional information from Respondents "delineating the process by which Petitioner's OSUP was revoked and regarding compliance with 8 C.F.R. § 241.13." (Doc. 12.) However, Respondents indicated in their response that they "have no additional information or documents to provide in response to the Court's order." (Doc. 13.) As a result, in his second reply, Petitioner only questions whether Respondents have complied with 8 C.F.R. § 241.13. (Doc. 14.)

…

…

- 3 -

II.    <u>Legal Standard</u>

Under Rule 65 of the Federal Rules of Civil Procedure, a party may seek injunctive relief if it believes it will suffer irreparable harm during the pendency of an action.  There are two types of injunctions available under Rule 65: TROs and preliminary injunctions. Both are governed by the same substantive standards.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

More specifically, each type of injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (cleaned up).  *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted); *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  However, "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (cleaned up).  Additionally, when, as here, "a government agency is a party," "the final two injunction factors—the balance of equities and the public interest—merge." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024).

Regardless of which standard applies, the movant "carries the burden of proof on each element of either test." *Env't. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

- 4 -

III.   <u>Analysis</u>

The analysis begins with the first *Winter* factor—whether Petitioner has shown a likelihood of success on the merits.  *Roe v. Critchfield*, 137 F.4th 912, 922 (9th Cir. 2025) ("Likelihood of success on the merits is the most important *Winter* factor and is a threshold inquiry.") (cleaned up).

As noted, the only developed argument in Petitioner's motion is that he had a procedural due process right to a pre-deprivation hearing before a neutral adjudicator before his bond could be revoked.  In support, Petitioner relies on 8 U.S.C. § 1226(b) and *Matter of Sugay*, 17 I. & N. Dec. 637 (BIA 1981).  (Doc. 1 ¶ 10; Doc. 2 at 2.)  But those authorities do not address the rights of aliens who are subject to a final order of removal, who have been released pursuant to an OSUP, and who are then detained for the ostensible purpose of effectuating their removal.  As Respondents contend in their response, and as Petitioner seems to acknowledge in his later filings, 8 C.F.R. § 241.13 outlines the process that is due in that context, and § 241.13 not include a right to a pre-deprivation hearing before a neutral adjudicator.  This Court also recently rejected, in a different case, the argument that there is a constitutional due process right to a pre-deprivation notice before a neutral adjudicator in that context.  *See Sanchez-Hernandez v. Figueroa*, No. 2:25-cv-02351 (D. Ariz.), Doc. 47 at 3.  The Court incorporates, by reference, that analysis here.  For these reasons, Petitioner has not met his burden of establishing a likelihood of success on, or even serious questions going to, the merits of the argument raised in his motion.  Given this determination, it is unnecessary to address the remaining *Winter* factors.  *Critchfield*, 137 F.4th at 922 ("In the absence of serious questions going to the merits, the court need not consider the other factors.") (cleaned up).

The Court acknowledges that Petitioner has raised, in his reply briefs, additional grounds for challenging his detention, including arguments regarding non-compliance with 8 C.F.R. § 241.13.  However, the Court cannot grant a TRO or a preliminary injunction based on an argument raised for the first time in a reply brief.  The same issue arose in *Sanchez-Hernandez*, which the Court remedied by granting the petitioner leave to file

another motion for injunctive relief.  The Court will follow the same approach here.

Indeed, this approach is particularly warranted in light of the still-unresolved factual ambiguities in the record that are detailed in earlier portions of this order, including whether Petitioner was in fact released on an OSUP, whether the reference in the complaint to a "Motion to Recalendar Administratively Closed Proceedings" was accurate, and why Galvan avowed that Petitioner was "charged with violating section 212(a)(6)(A)(I) of the INA."  Although it is concerning that the government was unable to supply the paperwork establishing the basis for its decision to detain Petitioner, the Court cannot ignore that because Petitioner is the party seeking the extraordinary remedy of a preliminary injunction, he bears the burden of establishing a clear entitlement to relief.  *Lopez*, 680 F.3d at 1072.  The presence of so many factual ambiguities in the record makes it impossible, at least on the current record, to conclude that Petitioner has met that burden.  Should Petitioner file a renewed motion for injunctive relief, he should take steps to ensure the factual record is clear.

Accordingly

**IT IS ORDERED** that:

1.    Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied without prejudice**.

2.    Within 14 days of the issuance of this order, Petitioner may file an Amended Petition for Writ of Habeas Corpus under § 2241 and a renewed motion for injunctive relief, if he chooses.

Dated this 4th day of November, 2025.

_____
Dominic W. Lanza
United States District Judge

- 6 -