IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehrdad Rowshandel,<br>　　　　Petitioner,<br>v.<br>John Cantu, et al.,<br>　　　　Respondents. | No. CV-25-03470-PHX-DWL (CDB)<br>**ORDER** |

　　　　The Court has reviewed Petitioner's response to the order to show cause.  (Doc. 20.) Petitioner clarifies that he wishes to pursue injunctive relief based on two theories: (1) his detention was unlawful from the outset because ICE failed to comply with the procedural requirements set forth at 8 C.F.R. §§ 241.1 and 241.13 when detaining him; and (2) his detention is unconstitutionally prolonged, in violation of the constitutional limitations set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not significantly likely in the reasonably foreseeable future.  (*Id.* at 2 ["The amended habeas petition now expressly pleads § 1231(a)(6) as the governing detention statute, incorporates the limitations on post-order detention recognized in *Zadvydas*, and alleges ICE's failure to comply with the procedural safeguards set forth in 8 C.F.R. §§ 241.4 and 241.13 from the outset.  The renewed TRO is therefore not based on any theory raised for the first time in reply but is instead fully supported by the amended habeas petition and presents all statutory and constitutional grounds for relief squarely and consistently in the opening motion."].)

On reflection, the Court agrees that it is possible to construe the amended habeas petition (Doc. 17) and renewed motion for injunctive relief (Doc. 19)[1] as adequately setting forth both of those theories. Although the amended habeas petition could perhaps use some organizational strengthening, Petitioner acknowledges that he is subject to an order of removal issued in 2004 (Doc. 1-2 at 12) and, although Petitioner does not affirmatively allege that he was subsequently released on an order of supervision ("OSUP"), it is reasonable to infer from the allegations in that amended habeas petition that Petitioner was so released. (Doc. 17 ¶¶ 4-6.) The amended habeas petition also alleges that Petitioner was detained by ICE on June 22, 2025; that "[t]he arresting ICE officers did not articulate any reason why [Petitioner] was being re-detained"; that 8 C.F.R. §§ 241.4 and 241.13 set forth certain procedures that ICE must follow when detaining an alien who was previously released on an OSUP; that *Zadvydas* separately places constitutional limits on "post-order detention"; and that "ICE has not complied with any of these requirements." (*Id.* ¶¶ 6, 8, 68-69.) Finally, although neither Count One (Procedural Due Process) nor Count Two (Substantive Due Process) of the amended habeas petition specifically references 8 C.F.R. §§ 241.4 and 241.13 or *Zadvydas*, and although those Counts seem to instead be premised on other legal theories (such as the failure to provide a pre-deprivation hearing before a neutral adjudicator), each count does include a paragraph that incorporates, by reference, all of the previous allegations. (*Id.* ¶¶ 75, 84.) Thus, Petitioner has done just enough in the amended habeas petition to preserve his ability to pursue the two theories identified in his response to the order to show cause.

Meanwhile, although the renewed motion for injunctive relief is not a model of clarity as to the claims and theories that Petitioner seeks to advance and does not contain any references to 8 C.F.R. §§ 241.4 and 241.13, it does contain some references to

---

[1] Although the motion is styled as a motion for a temporary restraining order, it also contains references to a request for a preliminary injunction and is, at any rate, most accurately characterized as a request for a preliminary injunction because it does not seek temporary injunctive relief that would expire in 14 days. *Sampson v. Murray*, 415 U.S. 61, 86 (1974) (agreeing that "a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions").

*Zadvydas*. (Doc. 19.) Additionally, and more important, the Court construes Petitioner's response to the order to show cause as supplementing his renewed motion for injunctive relief and clarifying that he only seeks injunctive relief based on the two theories described above.

As this Court has discussed in recent orders in other cases, both theories may provide a potential pathway to relief. *Nguyen v. Archambeault*, No. CV-25-04052-PHX-DWL, Doc. 15 (D. Ariz. Dec. 1, 2025) (granting habeas relief based on non-compliance with § 241.13); *Sweid v. Cantu*, No. CV-25-03590-PHX-DWL, 2025 WL 3033655 (D. Ariz. Oct. 30, 2025) (discussing the standards for evaluating a *Zadvydas* claim brought by a habeas petitioner who has not yet been detained for six months). The Court encourages the parties to review those decisions before filing their next briefs.

Accordingly,

**IT IS ORDERED** that:

1. Respondents must respond to Petitioner's renewed motion for injunctive relief, as supplemented by Petitioner's response to the order to show cause, by December 11, 2025.

2. Petitioner may file a reply by December 12, 2025.

3. The parties are notified that, pursuant to Rule 65(b), the Court intends to advance the trial on the merits and consolidate it with the Petitioner's renewed request for injunctive relief.

Dated this 3rd day of December, 2025.

Dominic W. Lanza
United States District Judge

- 3 -